Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**Kazerouni Law Group, APC**
2700 North Main Street, Ste. 1050
Santa Ana, CA 92866
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

# United States District Court
## Southern District of California

| | |
|---|---|
| **Viken H. Karayan, Individually and on Behalf of All Others Similarly Situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**Gamestop Corp. and Gamestop, Inc.,**<br><br>Defendant. | Case No.: 11CV1777 LAB CAB<br><br>**CLASS ACTION**<br><br>**Complaint for Damages and Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C § 227 et seq.**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Viken H. Karayan ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Gamestop Corp. and Gamestop, Inc. ("Defendants"), in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of DefendantsDefendants, providing jurisdiction under 28 U.S.C. Section 1332(d)(2)(A). Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendants areDefendants subject to personal jurisdiction in the County of San Diego, State of California.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

5. Plaintiff is informed and believes, and thereon alleges, that Defendants are, and at all times mentioned herein were, corporations whose primary corporate address is in Minnesota and Texas. Defendants, are and at all times mentioned herein were, corporations and are "person(s)," as defined by 47 U.S.C. § 153 (10). Defendants provide gaming services to hundreds of thousands of consumers. Plaintiff alleges that at all times relevant herein Defendants conducted business in the State of California and in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS

6. At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

7. Defendants are, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

8. At all times relevant Defendants conducted business in the State of California and in the County of San Diego, within this judicial district.

9. Sometime before August 8, 2010, Plaintiff provided his cellular telephone to Defendants for the limited purpose of receiving notification via a waiting list, for the availability of an up coming game release.

10. After Plaintiff received notification and purchased the game, Defendants continued to utilize Plaintiff's cellular telephone for the purpose of sending Plaintiff spam advertisements, via text messages, including an unsolicited text message sent and received by Plaintiff on August 9, 2010. Plaintiff did not provide express or implied consent to receive spam advertisements

11. On August 9, 2010, Plaintiff received an unsolicited text message from Defendants. The content of the text message read:

> Goto GameStop 4 COD "Black Ops Flight Suit Avatar 8/9-9/5. To get exclusive GS COD Black Ops offers, product news, info reply COD.  End text alerts reply STOP"

12. Plaintiff, on August 9, 2010, then responded to Defendants' last text message notification by replying "stop."

13. At this point, Plaintiff withdrew any type of express or implied consent to receive text message notification to his cellular telephone.

14. In response to receiving this revocation of consent, Defendants then immediately sent another, unsolicited, confirmatory text message to Plaintiff's cellular telephone, which read:

> "You will not get exclusive offers from GameStop.  To restore text alerts and get news and offers reply RESERVE.  Shop online at www.gamestop.com"

15. This unsolicited text message placed to Plaintiff's cellular telephone was placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

16. The telephone number that the Defendants, or their agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

17. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

18. Plaintiff did not provide Defendants or their agents prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

19. These telephone calls by Defendants or their agents violated 47 U.S.C. § 227 (b)(1).

**CLASS ACTION ALLEGATIONS**

20. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated ("the Class").

21. Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any unsolicited text messages and/or any other unsolicited text messages from Defendants without prior express consent.

22. Plaintiff also brings this action on behalf of himself and on behalf of all others similarly situated and is a member of ("the Sub-Class").

23. Plaintiff represents and is a member of the Sub-Class of persons who sent a reply text message, "stop," to Defendants in response to a text message sent by Defendants, and then received an unsolicited confirmatory text message from Defendants, which text message was not made for emergency purposes or with the recipient's prior express consent, within the four years prior to the filing of this Complaint.

24. Defendants and their employees or agents are excluded from the Class and the Sub-Class.  Plaintiff does not know the number of members in the Class or Sub-Class, but believes the Class and Sub-Class members number in the hundreds of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

25. Plaintiff and members of the Class and Sub-Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an unsolicited and/or confirmatory text

message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

26. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and Sub-Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

27. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

28. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a) Whether, within the four years prior to the filing of this Complaint, Defendant placed any confirmatory text messages (other than a text message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing and/or texting system to any telephone number assigned to a cellular telephone service;

   b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

      c) Whether Defendants should be enjoined from engaging in such conduct in the future.

28. As a person that received at least one unsolicited text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

29. As a person that received at least one confirmatory text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Sub-Class. Plaintiff will fairly and adequately represent and protect the interests of the Sub-Class in that Plaintiff has no interests antagonistic to any member of the Sub-Class.

30. Plaintiff and the members of the Class and Sub-Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class and Sub-Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

31. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to

HYDE & SWIGART
Riverside, California

1  present significantly fewer difficulties than those presented in many class
2  claims.
3  33. Defendants have acted on grounds generally applicable to the Class, thereby
4  making appropriate final injunctive relief and corresponding declaratory relief
5  with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

36. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Plaintiff and the Class and Sub-Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
### THE TCPA, 47 U.S.C. § 227 ET SEQ.

38. As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

HYDE & SWIGART
Riverside, California

40. Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

41. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: August 10, 2011                                  **HYDE & SWIGART**

By: /s Joshua B. Swigart
Joshua B. Swigart
Attorneys for Plaintiff